**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DONALSON CHOC CU, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02530-SHL-atc |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Donalson Choc Cu's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed May 7, 2026. (ECF No. 1.) Choc challenges his "his illegal mandatory detention at the West Tennessee Detention Facility." (Id. at PageID 1.) After being arrested on May 5, 2026, following a traffic stop, he "has been denied an individualized bond determination and was not even informed of the legal basis for his arrest at the time he was taken into custody." (Id. at PageID 3–4.) He seeks "immediate and unconditional" release from Respondent's custody. (Id. at PageID 16.) Respondent concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), "controls the outcome of this matter." (ECF No. 9 at PageID 25.) Choc replied on May 18, stating that Respondent had transferred him to a detention facility in Louisiana on May 9, two days after he had filed this Petition and Respondent's counsel had entered an appearance in this matter. (ECF No. 10.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** immediately to transport Choc back to the Western District of Tennessee at the Government's

expense and immediately to release him.

## BACKGROUND

Choc is a citizen of Guatemala who entered the United States in May 2021.  (ECF No. 1 at PageID 3.)  He has no criminal history.  (Id.)  On May 5, 2026, he was riding to his job in Nashville when he was stopped by law enforcement officers, questioned about his immigration status, and immediately placed in ICE detention.  (Id. at PageID 3–4.)  He filed the Petition on May 7.  (ECF No. 1.)  Respondent's counsel Stuart J. Canale entered an appearance in this matter on the same day, indicating that he had received the Petition.  (ECF No. 2.)  Nevertheless, two days later, Respondent transferred Choc out of the Western District of Tennessee to a detention facility in Louisiana.  (ECF No. 10 at PageID 31.)  Unaware of the transfer, the Court issued its Order Staying Transfer and Requiring Response on May 12.  (ECF No. 7.)  On May 15, Respondent filed his response, conceding that Lopez-Campos governs this matter, but not disclosing that Choc had been transferred a week earlier.  (ECF No. 9.)

## ANALYSIS

Choc challenges his "his illegal mandatory detention at the West Tennessee Detention Facility."  (Id. at PageID 1.)  He seeks "immediate and unconditional" release from Respondent's custody.  (Id. at PageID 16.)  Following his transfer, he additionally requests that, "at the government's sole expense," Respondent "immediately transport Petitioner back to the Western District of Tennessee to restore the status quo ante disrupted by the unauthorized physical transfer."  (ECF No. 10 at PageID 39.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 9 at PageID 25.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for

admission' who are not actively 'seeking admission.'" (Id. at PageID 25–26 (citing Lopez-Campos, 2026 WL 1283891, at *11).)  He has not yet taken a position on Choc's transfer.

Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust his administrative remedies" before granting relief.  (ECF No. 9 at PageID 26.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 9 at PageID 26–27.)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 2026 WL 1283891, at *13.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

3

Finally, the Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee.  "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)).  Further, federal Respondents have previously returned habeas petitioners to this District after transferring them away during the pendency of a petition.  See, e.g. C.F.M.E. v. Minter, No. 26-cv-2269, ECF No. 17 at PageID 159 (W.D. Tenn. Mar. 25, 2026) ("Three days prior to the entry of this Order, . . . Petitioner was transferred to a detention facility in Louisiana.  However, pursuant to the Court's Order, Respondents have confirmed that Petitioner is scheduled to be transferred back to the West Tennessee Detention Facility . . . .").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED**, at the Government's expense, immediately to transfer Petitioner back to the Western District of Tennessee.  Respondent is **ORDERED** to release Petitioner immediately.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 19th day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE